## KASSNER v. WEINTRAUB.

(Supreme Court, Appellate Term.   June 29, 1911.)

LANDLORD AND TENANT (§ 169*)—LIABILITY OF LANDLORD—INJURIES TO TENANT.

Proof that the owner of a tenement house controlled the halls, stairways, and roof, that a water tank on the roof overflowed, causing water to run down the stairs and into the halls, and that an infant residing with his parents in the tenement slipped on the slippery hall floor, submerged in water, required the owner, to escape liability for injuries to the minor, to explain the cause of the overflow, and a judgment of dismissal, in the absence of any such explanation, was erroneous.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 646; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Simon Kassner, an infant, by his guardian ad litem, Louis Kassner, against Philip Weintraub. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Joseph Kleiner, for appellant.

James, Schell & Elkus (Edgar J. Treacy, of counsel), for respondent.

SEABURY, J. This action was brought to recover damages for personal injuries received by the infant plaintiff under the following circumstances: The infant resided with his parents in a tenement house owned by the defendant; the halls, stairways, and roof being under the control of the landlord. On the day the infant was injured, a large tank of water situated upon the roof overflowed; the water running down the stairs and into the halls. The infant at the time of the overflow was heard crying in the hall, and the father, going from his rooms, found the boy lying on the hall floor, which was submerged in water. The floor was slippery, and the boy had slipped, injuring his ankle. At the close of the plaintiff's case the complaint was dismissed. The facts disclosed were sufficient to put the defendant upon his proof as to the cause of the overflow of the tank, which was under his control.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.